UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANNETTE MARIE CANANIA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:10CV00566 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Annette Marie Canania to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.

On December 14, 2006, following a jury trial, movant was convicted of three drug-related offenses and was sentenced to 240 months imprisonment followed by a three-year term of supervised release. See United States v. Canania, No. 4:06-CR-33-ERW (E.D.Mo.).[1] The United States Court of Appeals for the Eighth Circuit affirmed the judgment on July 14, 2008. See United States v. Canania, No. 07-1078 (8th Cir.). The United States Supreme Court denied movant's petition for a writ of certiorari on November 17, 2008.

### **Motion to Vacate**

Movant seeks to vacate, set aside or correct her conviction and sentence on the grounds that her Fourth, Fifth, Sixth, and Fourteenth Amendment rights were violated, she was denied effective assistance of counsel, the trial court allowed prosecutorial misconduct, and she was sentenced to prison after a jury acquitted her.

---

[1] An amended judgment was entered on December 29, 2006, pursuant to Rule 36 of the Federal Rules of Criminal Procedure.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. The United States Supreme Court denied movant's petition for certiorari on November 17, 2008, and the instant motion was not placed in the prison mailbox until March 25, 2010 [Doc. #1].

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant motion appears to be time-barred.

**IT IS FURTHER ORDERED** that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion as time-barred. Movant's failure to file a show cause response shall result in the denial of the instant motion to vacate and the dismissal of this action as time-barred.

So Ordered this 29th Day of June, 2010.

                                                  E. RICHARD WEBBER
                                                  UNITED STATES DISTRICT JUDGE